# EXHIBIT 2

**NOTICE: If you do not respond to this document within applicable time limits, judgment could be entered against you as requested.**

Jeremy C. Sink (9916)
Christopher M. Sanders (16939)
**KIRTON McCONKIE**
Thanksgiving Park Four
2600 W. Executive Parkway, Suite 400
Lehi, Utah 84043
Telephone: (801) 328-3600
Facsimile: (801) 321-4893
jsink@kmclaw.com
csanders@kmclaw.com

*Attorneys for Plaintiff*

---

### THIRD JUDICIAL DISTRICT COURT
### SALT LAKE COUNTY, STATE OF UTAH

---

| | |
|---|---|
| JANICE LEE JONES, as trustee of the AUNTIE TUT TRUST, | **SUMMONS** |
| Plaintiff, | Case No. 250901101 |
| vs. | Judge: Coral Sanchez |
| JOHN DARGER, an individual, | |
| Defendant. | **Tier 2** |

---

**THE STATE OF UTAH TO:**

JOHN DARGER
13887 Lamont Lowell Circle
Herriman, UT 84096

You are hereby summoned and required to file an *Answer* or other response in writing to

the attached *Complaint* with the Clerk of the Third District Court, Salt Lake County, State of Utah,

at 450 South State St., P.O. Box 1860, Salt Lake City, UT 84114-1860, and to serve upon or mail

to Jeremy C. Sink and Christopher M. Sanders of Kirton McConkie, Plaintiff's attorneys, at

Thanksgiving Park Four, 2600 W. Executive Parkway, Suite 400, Lehi, Utah 84043, a copy of said *Answer* or other response within three (3) business days after service of this *Summons* upon you. *See* UTAH CODE § 78B-6-807(3).

If you fail to do so, judgment by default will be taken against you for the relief demanded in said *Complaint* which has been filed with the Clerk of said Court and a copy of which is hereto annexed and served upon you.

DATED this 7th day of February, 2025.

KIRTON McCONKIE

By: *Jeremy C. Sink*
Jeremy C. Sink
Christopher M. Sanders
*Attorneys for Plaintiffs*

2

Jeremy C. Sink (9916)
Christopher M. Sanders (16939)
**KIRTON McCONKIE**
Thanksgiving Park Four
2600 W. Executive Parkway, Suite 400
Lehi, Utah 84043
Telephone: (801) 328-3600
Facsimile: (801) 321-4893
jsink@kmclaw.com
csanders@kmclaw.com

*Attorneys for Plaintiff*

---

## THIRD JUDICIAL DISTRICT COURT
## SALT LAKE COUNTY, STATE OF UTAH

---

| | |
|---|---|
| JANICE LEE JONES, as trustee of the AUNTIE TUT TRUST, | **VERIFIED COMPLAINT** |
| Plaintiff, | |
| vs. | Case No. *250900101* |
| JOHN DARGER, an individual, | Judge: *Coral Sanchez* |
| Defendant. | |
| | **Tier 2** |

---

### PARTIES AND JURISDICTION

1.      Plaintiff Janice Jones, as trustee of the Auntie Tut Trust ("Jones" or "Plaintiff"), is an individual with citizenship and permanent residency in Clark County, Nevada;

2.      Defendant John Darger ("Darger") is an individual with citizenship and permanent residency in Salt Lake County, Utah;

3.      This Court has jurisdiction over this matter pursuant to at least Utah Code § 78A-5-102(1)-(2).

4.      Venue is properly laid in this Court for this action pursuant to at least Utah Code §§ 78B-3a-201, and 202.

## TIER DESIGNATION

5.      Plaintiff avers that this is a Tier 2 matter, as defined under Rule 26(c)(3) of the Utah Rules of Civil Procedure. In addition to undetermined monetary damages which may be calculated at a later date—including but not limited to treble damages, plus interest, attorneys' fees, and costs—Plaintiff also seeks non-monetary relief in the form of an order of restitution and the eviction and ejection of Darger from the Premises.

## GENERAL ALLEGATIONS

6.      Darger is the current occupant in the premises located at a 13887 Lamont Lowell Circle, Herriman, UT 84096 (the "**Premises**").

7.      Jones owns the Premises in fee simple.

8.      Darger is not an owner of the premises. He lost ownership rights in foreclosure proceedings and has no right to remain. *See* **Exhibit 1**.

9.      For the purposes of estimating the likely "rental" amount for this wrongful detainer, prior to the foreclosure Darger was to pay monthly payments of $2,173.68 under the Promissory Note and Deed of Trust. This figure is provided solely to the extent a value for unpaid rent is awarded to the plaintiff.

10.     Darger is not a tenant on a month-to-month tenancy.

11.     Darger has no rental or lease agreement with Jones, or any other contract permitting him to remain in possession of the Premises.

2

12.     On or about January 30, 2025, Jones, through their agent and pursuant to at least Utah Code § 78B-6-802(1)(b), sent and served a Five-Day Notice to a Tenant at Will upon Darger. A copy of the Notice is attached as **Exhibit 2.**

13.     Darger failed to vacate the premises as required by the "Five-Day Notice to a Tenant at Will." *See id.*

14.     Thus, Darger has violated the Notice and Utah law by remaining at the Premises as a tenant with no further right to remain.

15.     Darger remains in possession of the Premises, constituting an unlawful detainer.

16.     Therefore, Jones has been damaged by Darger in an amount to be determined, including treble damages, fees, costs, and interests to be calculated later for failure to vacate the Premises after receiving the Notice. Therefore, under at least Utah Code § 78B-6-811, Darger is liable to Jones for treble damages.

## FIRST CLAIM FOR RELIEF
### (Unlawful Detainer/Order of Restitution/Ejectment)

17.     Jones incorporates herein by reference all other allegations contained in this Complaint as if fully set forth in this section.

18.     Utah Code § 78B-6-802(1) provides that "[a] tenant holding real property for a term less than life, is guilty of an unlawful detainer if the tenant . . . in cases of tenancies at will, remains in possession of the premises after the expiration of a notice of not less than five calendar days." *Id.* at § 802(1)(b).

19.     Under Utah Code § 78B-6-811, if a party is guilty of unlawful detainer, then the Court shall issue "an order for the restitution of the premises as provided in Section 78B-6-812" and "shall also assess the damages resulting to the plaintiff," including for "forcible entry,"

3

"unlawful detainer," and "waste of the premises during the defendant's tenancy." *Id.* Thereafter, "judgment shall be entered against the defendant for … three times the amount of the damages assessed." *Id.* In addition, the "the court shall award costs and reasonable attorney fees to the prevailing party." *Id.*

20.    On or about January 30, 2025, Jones, through their agent and pursuant to at least Utah Code § 78B-6-802(1)(b), sent and served a Five-Day Notice to a Tenant at Will upon Darger. A copy of the Notice is attached as **Exhibit 2.**

21.    Darger failed and/or refused to comply with the Notice, in that Darger has not vacated the Premises.

22.    To date, Darger continues to wrongfully occupy the Premises.

23.    Because Darger failed to vacate by February 5, 2025 (five days after service of the Notice), Darger is currently in unlawful detainer of the Premises as of February 6, 2025.

24.    The Plaintiff is therefore entitled to an order of restitution or ejectment directing Darger, and all persons claiming a right to possess the Premises under Darger, including but not limited to any spouse and children of Darger, vacate the Premises, remove their personal property, and restore possession of the Premises to the Plaintiff, or be forcibly removed by a sheriff or constable.

25.    In addition, under Utah Code § 78B-6-811, the Plaintiff is entitled to all damages resulting from the unlawful detainer, treble damages, damages for any waste committed by Darger, and the Plaintiff's attorneys' fees and costs incurred in this matter, in an amount to be determined.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff requests relief as follows:

        A.      Under the First Claim for Relief: (1) a judgment in favor of Plaintiff and against Darger in an amount to be determined at trial, including any and all accruing damages, treble damages, any waste damages, interest, attorneys' fees and costs as provided by Utah law; and (2) an order of restitution or ejectment directing Darger, and all persons claiming a right to possess the Premises under Darger, to vacate the Premises, remove their personal property, and restore possession of the Premises to Plaintiff, or be forcibly removed by a sheriff or constable;

        B.      An order stating that the Court will retain jurisdiction for the purpose of determining the amount of damages which will later be determined after removal of Darger and other occupants; and

        C.      Any other relief the Court deems equitable and just.

DATED this 7th day of February, 2025.

                            KIRTON McCONKIE

                        By:   *Jeremy C. Sink*
                              Jeremy C. Sink
                              Christopher M. Sanders
                              *Attorneys for Plaintiff*

Plaintiff's Address:

13887 Lamont Lowell Circle
Herriman, UT 84096

5

## **RULE 26.3 DISCLOSURE**

Plaintiff has included its Rule 26.3(b) disclosures in this *Verified Complaint*. That is, the Plaintiff has provided herewith (i) a copy of any written rental agreement (none); (ii) the eviction notice that was served (**Exhibit 2**); (iii) an itemized calculation of rent past due, damages, costs and attorneys' fees at the time of filing (damages to be determined, but not less than costs for the notice; pro-rated monthly payment using the promissory note and deed of trust to establish a fair market rate, plus attorneys' fees and interests, with treble damages, which will be calculated after eviction); (iv) an explanation of the factual basis for the eviction (*see supra*); and (v) the notice to the Defendant under Rule 26.3(b)(1)(E) of the Utah Rules of Civil Procedure (*see immediate infra*).

NOTICE TO DEFENDANT OF DISCLOSURE OBLIGATION: *Under Rule 26.3(c), of the Utah Rules of Civil Procedure, you have an obligation to serve the following documents as your (Defendant's) disclosures for any occupancy hearing:*

    *(c)(1) If the defendant requests an evidentiary hearing to determine occupancy under Section 78B-6-810, the defendant must serve on the plaintiff with the request:*

        *(c)(1)(A) any document not yet disclosed that the defendant will offer at the hearing; and*

        *(c)(1)(B) the name and, if known, the address and telephone number of each fact witness the defendant may call at the occupancy hearing and, except for an adverse party, a summary of the expected testimony.*

    *(c)(2) If the plaintiff requests an evidentiary hearing to determine occupancy, the defendant must serve the disclosures required by paragraph (c)(1) on the plaintiff no less than 2 days before the hearing. The defendant must serve the disclosures by the method most likely to be promptly received.*

## **VERIFICATION**

The undersigned certifies under penalty of perjury under the law of Utah that she has read and reviewed the above and has authorized its filing and service. The contents are true and correct to the best of the undersigned's knowledge, information, and belief.

BY:

/s/ *Janice Jones* (with permission)

Printed Name: Janice Jones

# Exhibit 1

14339455 B: 11546 P: 3954  Total Pages: 4
01/24/2025 01:23 PM By: asteffensen Fees: $40.00
Rashelle Hobbs, Recorder, Salt Lake County, Utah
Return To: KIRTON & MCCONKIE
36 SOUTH STATE STREET, SUITE 1SALT LAKE CITY, UT 84111

**WHEN RECORDED MAIL TO:**
Jeremy Sink, Esq.
Kirton McConkie
36 South State Street, Suite 1900
Salt Lake City, Utah 84111
(801) 239-3157

**Tax Notice Address:**
Auntie Tut Trust
3212 Bel Air Drive
Las Vegas, NV 89109

## TRUSTEE'S DEED

This Deed is made between Jeremy C. Sink, Esq., successor trustee (hereinafter "Successor Trustee") under the Trust Deed described below, in favor of Auntitut Trust (properly spelled Auntie Tut Trust), whose legal address is 3212 Bel Air Drive, Las Vegas, Nevada 89109 (hereinafter "Grantee").

WHEREAS, on July 1, 2013, Janice Lee Jones, trustee of the Auntie Tut Trust ("Jones"), loaned John R. Darger ("Darger") $320,000.00 to enable him to purchase property located at 13887 Lamont Lowell Circle, Herriman, Utah 84096, more particularly described as: Lot 114, Hamilton Farms Planned Unit Development Phase 1 according to the plat thereof as recorded in the office of the Salt Lake County Recorder, A.P.N./Tax Serial No. 32-03-428-017-000 (the "Property").

WHEREAS, on July 1, 2013, Darger, as borrower, executed and delivered to Jones, as lender, a promissory note promising to repay principal and interest on or before July 10, 2018 (the "Note").

WHEREAS, Darger, as trustor ("Trustor"), by a Trust Deed dated July 1, 2013, and recorded in the official records of Salt Lake County, State of Utah, on July 2, 2013, as Entry No. 11676867, Book 10155, at Page 9409-9412 (the "Trust Deed"), did grant and convey the Property under said Trust Deed, upon the trust therein expressed, to Orange Title Insurance Company, as trustee, and Jones, as beneficiary ("the Beneficiary"), to secure, among other obligations, payment of the Note according to the terms thereof, together with other sums of money advanced and interest thereon.

WHEREAS, a breach and default occurred under the terms of the Note and Trust
Deed in the particulars set forth in the Notices of Default in this matter.

WHEREAS, Philip M. Ballif, Esq. was duly appointed by the Beneficiary as
Successor Trustee by a Substitution of Trustee recorded in the Office of the County
Recorder of Salt Lake County, State of Utah, on September 19, 2023, as Entry No.
14153914, Book 11445, at Page 5783.

WHEREAS, Jeremy C. Sink, Esq., was duly appointed by the Beneficiary as
Successor Trustee by a Substitution of Trustee recorded in the Office of the County
Recorder of Salt Lake County, State of Utah, on May 7, 2024, as Entry No. 14237682,
Book 11489, at Page 9014.

WHEREAS, Jeremy C. Sink, Esq., as successor Trustee under the Trust Deed,
executed and recorded in the Office of the County Recorder of Salt Lake County, State
of Utah, a Notice of Default containing an election to sell the Property, which was
recorded on August 30, 2024, as Entry No. 14282489, Book 11514, at Page 9454; and
that no later than ten days after the Notice of Default was filed for record, the Trustee
mailed, by USPS registered and regular mail, a copy of the Notice of Default to the
Trustor.

WHEREAS, the Successor Trustee, pursuant to the Notice of Default, and in
accordance with the Trust Deed, did execute a Notice of Trustee's Sale stating that as
Successor Trustee he would sell at public auction to the highest bidder the Property
described, and fixing the time and place of sale as December 31, 2024, at 11:00 A.M. of
said day, at the main entrance of the Salt Lake County Courthouse – West Jordan
located at 8080 South Redwood Road, West Jordan, Utah 84088, and did cause copies
of the Notice of Sale to be posted for not less than 20 days before the date of sale, as
required by statute; and did cause a copy of the notice to be published once a week for
three consecutive weeks before the date of sale in the Deseret News, a newspaper
having a general circulation in the county in which the Property is situated, the actual
dates of publication being December 6, 2024, December 11, 2024, and December 18,
2024; and that no later than 20 days before the date of sale, the Successor Trustee also
mailed, by USPS certified mail, and hand delivered a copy of the Notice of Sale to the

Trustor and to each person whose name and address were set forth in a request for notice filed for recording prior to the filing of the Notice of Default.

WHEREAS, on December 31, 2024 at 11:00 A.M. Jeremy Sink as the Successor Trustee did continue the sale to January 24, 2025 at 11:00 A.M.

WHEREAS, all applicable statutory provisions of the State of Utah and all of the provisions of the Trust Deed have been complied with as to the acts to be performed and the notices to be given.

WHEREAS, the Successor Trustee did at the time and place of sale by public auction sell, to Grantee, being the highest bidder, the Property described for the credit bid sum of $589,000 (Five Hundred Eighty-Nine Thousand and 00/100 Dollars).

NOW, THEREFORE, the Successor Trustee, in consideration of the premises recited and of the sum above mentioned, credit bid and paid by Grantee, the receipt of which is acknowledged, and by virtue of the authority vested in him by the Trust Deed, does by these presents grant and convey to the Grantee above named, but without any covenant or warranty, express or implied, all of that certain real property situated in Salt Lake County, State of Utah, described as follows:

LOT 114, HAMILTON FARMS PLANNED UNIT DEVELOPMENT PHASE 1 ACCORDING TO THE PLAT THEREOF AS RECORDED IN THE OFFICE OF THE SALT LAKE COUNTY RECORDER.

TOGETHER WITH A RIGHT AND EASEMENT OF USE AND ENJOYMENT IN AND TO THE COMMON AREAS, DESCRIBED AND AS APPROVED FOR IN THE DECLARATION OF COVENANTS, CONDTIONS AND RESTRICTIONS, AND ANY AMENDMENTS AND/OR SUPPLEMENTS THERETO.

APN/Tax Serial No. 32-03-428-017-0000

Address: 13887 South Lamont Lowell Circle, Herriman, Utah 84096

TOGETHER WITH any and all improvements, fixtures, appurtenances, and easements now situated on or pertaining to the Property.

DATED this 24th day of January, 2025.

By: _____
Jeremy C. Sink, Esq.
Successor Trustee

STATE OF UTAH            )
                         ) ss.
COUNTY OF SALT LAKE      )

The foregoing Trustee's Deed Upon Sale was executed and acknowledged before me this 24th day of January, 2025, by Jeremy C. Sink, Esq., as Successor Trustee.

CHLOE ANN SATTERTHWAITE
Notary Public  State of Utah
My Commission Expires on:
May 27, 2025
Comm. Number: 718583

_____
Notary Public

14339455 B: 11546 P: 3957    Page 4 of 4

# Exhibit 2

**PROOF OF SERVICE**

| Case: | Court: | County: | Job: 12616777 |
|---|---|---|---|
| Plaintiff / Petitioner: Auntie Tut Trust | | Defendant / Respondent: John Darger | |
| Received by: State Services LLC | | For: Kirton McConkie | |
| To be served upon: John Darger | | | |

I, Jeff Cook, being duly sworn, depose and say: I am over the age of 18 years and not a party to this action, and that within the boundaries of the state where service was effected, I was authorized by law to make service of the documents and informed said person of the contents herein.

Recipient Name / Address:  Notice Posted, 13887 Lamont Lowell Circle, Herriman, UT 84096

Manner of Service:  Posted, Jan 30, 2025, 5:17 pm MST

Documents:  Five Day Notice to a Tenant at Will

Additional Comments:
1) Successful Attempt: Jan 30, 2025, 5:17 pm MST at 13887 Lamont Lowell Circle, Herriman, UT 84096
Notice Posted
By posting in a conspicuous place on the property therein described, there being no person of suitable age or discretion to be found at any known place of residence or business of said tenants.

A copy of the documents were mailed via Certified Mail on 1/31/2025

_____     January 31, 2025
Jeff Cook-PI#A127551                          Date

State Services LLC
3079 N 575 E
North Ogden, UT 84414
801-648-7070

Subscribed and sworn to before me by the affiant who is personally known to me.

_____
Notary Public
4/3/2025                          4/12/2025
Date                          Commission Expires

Jason Jacobson
Notary Public, State of Utah
Commission #717586
My Commission Expires
April 12, 2025

The Order of the Court is stated below:
**Dated:** February 24, 2025          /s/   CORAL SANCHEZ
              10:51:12 AM                        District Court Judge

Jeremy C. Sink (9916)
Christopher M. Sanders (16939)
**KIRTON McCONKIE**
Thanksgiving Park Four
2600 W. Executive Parkway, Suite 400
Lehi, Utah 84043
Telephone: (801) 328-3600
Facsimile: (801) 321-4893
jsink@kmclaw.com
csanders@kmclaw.com

*Attorneys for Plaintiff*

---

### THIRD JUDICIAL DISTRICT COURT
### SALT LAKE COUNTY, STATE OF UTAH

---

|  |  |
|---|---|
| JANICE LEE JONES, as trustee of the AUNTIE TUT TRUST, | **ORDER GRANTING *EX PARTE* MOTION FOR ALTERNATIVE SERVICE ON DEFENDANT** |
| Plaintiff, |  |
| vs. | Case No. 250901101 |
| JOHN DARGER, an individual, | Judge: Coral Sanchez |
| Defendant. |  |
|  | **Tier 2** |

---

The Court, having reviewed the *Ex Parte* Motion for Alternative Service On Defendant, and for other good cause otherwise showing, HEREBY ORDERS AND DECREES:

·1      The Motion is GRANTED;

·2      Plaintiff may use alternative service methods to effectuate service of the Summons and Complaint on the Defendant via the methods below:

·3   Certified mailing the Summons and Complaint to the current address for Defendant,

13887 Lamont Lowell Circle, Herriman, UT 84096;

·4  Emailing the Summons and Complaint to Defendant at jndarger1@gmail.com;

·5  After mailing and emailing, voicemail to Defendant's phone at 801-671-5942, informing Defendant of the emailing and mailing, or if Defendant answers the call, by verbal confirmation of the same.

The Court finds that these methods of service together are reasonably calculated to give actual notice to the Defendant of this action, including the Summons and Complaint. Plaintiff must file an affidavit of service showing completion of these methods.

**IT IS SO ORDERED.**

**\*\*\*Entered and Executed as Indicated at the Top of Page 1\*\*\***